CV-12 0498

SUMMONS ISSUED IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

FILED
IN CLERK'S OFFICE
U S DISTRICT COURT E.D N Y

★   FEB 02 2012   ★

LONG ISLAND OFFICE

GARAUFIS, J.

REYES, JR, M.

| | |
|---|---|
| DOVI LOWENBEIN<br>on behalf of himself<br>and all similarly situated consumers<br>Plaintiff, | )<br>)<br>)<br>)<br>) |
| -against- | )<br>) |
| NELSON WATSON<br>& ASSOCIATES, LLC | )<br>)<br>) |
| Defendant. | )<br>)<br>)<br>) |

## CLASS ACTION COMPLAINT

### *Introduction*

1.  Plaintiff Dovi Lowenbein seeks redress for the illegal practices of Nelson Watson &

Associates, LLC concerning the collection of debts, in violation of the Fair Debt

Collection Practices Act, 15 U.S.C. § 1692, et *seq.* ("FDCPA") *Foti v. NCO Financial*

*Systems, Inc.*, 424 F. Supp. 2d 643 (S.D.N.Y 2006)  (found that debt collectors who use

automated messages do so at the peril of violating the FDCPA, either by not leaving

enough information for the debtor in violation of §§ 1692d(6) and 1692e(11), or by

leaving too much information for a possible third party in violation of § 1692c(b) Debt

collectors . . . should use other means to collect, including calling and directly speaking

with the consumer or sending appropriate letters).  Defendant has blatantly ignored the

suggestion of Judge Karas in the *Foti* case and contacted the plaintiff as is set forth

-1-

below. Plaintiff also includes a claim under the Telephone Communications Privacy Act.

### *Parties*

2. Plaintiff is a citizen of the State of New York who resides within this District.

3. Plaintiff is a consumer as that term is defined by Section 1692(a)(3) of the FDCPA, in that the alleged debt that defendant sought to collect from plaintiff is a consumer debt.

4. Defendant is a Massachusetts limited liability company with its principal place of business is located in Massachusetts.

5. Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

6. Defendant is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692(a)(6).

### *Jurisdiction and Venue*

7. This Court has Federal question jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

8. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b), as the acts and transactions that give rise to this action occurred, in substantial part, in this district.

9. On information and belief, on a date better known by defendant, defendant attempted to collect alleged consumer debts from the plaintiff.

10. In the past years within the one year prior to the filing of the within complaint, the defendant left over twenty messages for the plaintiff where the message failed to set forth the name of the defendant or that the communication was from a debt collector.

-2-

11.     Said messages are in violation of 1692e(11), 1692e(10) and 1692d(6).

12.     The said messages were left at a wireless number where the plaintiff was charged for
        each call.

13.     Defendant caused plaintiff to incur charges for defendant's collection communications
        when plaintiff had no reason to know the communication's purpose.

14.     Defendant was prohibited from placing a call that will cause a charge to plaintiff without
        having notified plaintiff to expect it and without having announced its collection
        purpose.

15.     The said telephone messages are in violation of the Fair Debt Collection Practices Act,
        15 U.S.C. § 1692f(5).

16.     The defendant attempted to contact the plaintiff within the past year 182 times which is
        deemd to be harassing and made with the intent to harass and annoy the plaintiff in
        violation of 1692d.

17.     On or about April 29, 2011 the defendant left a message for the plaintiff which was
        overheard by the plaintiff's brother.

18.     Said overhearing was unauthorized and violates 1692c.


## AS AND FOR A FIRST CAUSE OF ACTION

*Violations of the Fair Debt Collection Practices Act brought by plaintiff Dovi Lowenbein on*
*behalf of himself and the members of a class, as against the defendant.*

19.     Plaintiff restates, realleges, and incorporates herein by reference, paragraphs 1-18 as if
        set forth fully in this Cause of Action.

-3-

20.     This action is brought on behalf of plaintiff and the members of three classes.

21.     Class A consists of all persons whom Defendant's records reflect resided in the United

        States (a) within one year prior to the date of the within complaint up to the date of the

        filing of the complaint similar to the twenty or so messages left for the plaintiff where

        the defendant implied that the plaintiff had placed the call and where the defendant

        failed to state that it was a communication from a debt collector nor the legal name of

        the defendant; (b) the telephone message was seeking payment of a consumer debt by

        leaving a message directing the consumer to call the defendant; and (c) that the

        telephone messages were in violation 15 U.S.C. 1692 §§ 1692d(6), 1692e(11) and

        1692e(10).

22.     Class B consists of all persons whom Defendant's records reflect resided in New York

        and were left a telephonic message from defendant within one year prior to the date of

        the within complaint up to the date of the filing of the complaint; (a) the telephone

        message was placed to a service where the consumer was charged for the call, and (c)

        that the telephone messages were in violation 15 U.S.C. § 1692f(5).

23.     Class C consists of all persons whom Defendant's records reflect resided in New York

        and were left a telephonic message from defendant within one year prior to the date of

        the within complaint up to the date of the filing of the complaint; (a) the telephone

        message was overheard by an unauthorized third party, and (c) that the telephone

        message was in violation 15 U.S.C. § 1692c.

24.     Pursuant to Federal Rule of Civil Procedure 23, a class action is appropriate and

        preferable in this case because:

(A) Based on the fact that telephonic messages are at the heart of this litigation, the class is so numerous that joinder of all members is impracticable.

(B) There are questions of law and fact common to the class and these questions predominate over any questions affecting only individual class members. The principal question presented by this claim is whether the Defendant violated the FDCPA.

(C) The only individual issue is the identification of the consumers who received the telephonic messages, (*i.e.* the class members), a matter capable of ministerial determination from the records of Defendant.

(D) The claims of the plaintiff are typical of those of the class members. All are based on the same facts and legal theories.

(E) The plaintiff will fairly and adequately represent the class members' interests. The plaintiff has retained counsel experienced in bringing class actions and collection-abuse claims. The plaintiff's interests are consistent with those of the members of the class.

25.     A class action is superior for the fair and efficient adjudication of the class members' claims. Congress specifically envisions class actions as a principal means of enforcing the FDCPA. 15 U.S.C. 1692(k). The members of the class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action. Prosecution of separate actions by individual members of the classes would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties and would not be in the interest of judicial economy.

26.   If the facts are discovered to be appropriate, the plaintiff will seek to certify a class
      pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure.

27.   Telephonic messages, such as those left by the defendant are to be evaluated by the
      objective standard of the hypothetical "least sophisticated consumer."

### *Violations of the Fair Debt Collection Practices Act*

28.   The actions of the defendant violate the Fair Debt Collection Practices Act.

29.   Because the defendant violated of the Fair Debt Collection Practices Act, the plaintiff
      and the members of the class are entitled to damages in accordance with the Fair Debt
      Collection Practices Act.

### **AS AND FOR A SECOND CAUSE OF ACTION**

### *Violations of the Telephone Consumer Protection Act brought by plaintiff and on behalf of a class*

30.   Plaintiff restates, realleges, and incorporates herein by reference, paragraphs 1-8 as if set
      forth fully in this Cause of Action.

31.   The defendant violated 47 U.S.C. § 227(b)(1)(A)(iii) by initiating 182 telephone calls to
      the plaintiff's wireless telephone numbers using an artificial and/or pre-recorded voice
      to deliver messages without having the consent of the plaintiff to leave such messages.

32.   Defendant has repeatedly violated the TCPA by the calls made to Plaintiff, specifically
      the numerous calls by illegal automatic dialers, predictive dialers, and/or pre-recorded
      messages that have been unleashed against plaintiffs by defendant also without having
      included the proper name of the defendant or any name for that matter.

-6-

33.   There is no exception or justification for the numerous violations of the TCPA by defendant as plaintiff have not consented to the use of the wireless telephone number at issue.

34.   Each call is a separate violation and entitles plaintiff to statutory damages against defendant in the amount of $500.00 per call.

35.   Plaintiff asserts that since the violations were made intentionally or recklessly that the violations be assessed a statutory damage of $1,500.00 per call. 47 U.S.C. § 227(b)(3).

36.   All actions taken by Defendant were taken with malice, were done willfully, recklessly and/or were done with either the desire to harm Plaintiff and/or with the knowledge that its actions would very likely harm Plaintiff and/or that its actions were taken in violation of the TCPA and/or that knew or should have known that its actions were in reckless disregard of the TCPA.  Courts have found collection agency's have willfully or knowingly violated the TCPA simply by calling any plaintiff on his/her cell phone using a pre-recorded voice, regardless of whether it knew it was violating the law. (*Sengenberger v. Credit Control Services, Inc.*, 2010 U.S. Dist. LEXIS 43874).

37.   The defendant has repeatedly violated the TCPA by failing to leave the legal name of the defendant in the messages left for the plaintiff as states as follows in 47 C.F.R. 64.1200(b)(1) states:

   "(b) All artificial or prerecorded telephone messages shall:

   At the beginning of the message, state clearly the identity of the business, individual, or other entity that is responsible for initiating the call. If a business is responsible for initiating

-7-

the call, the name under which the entity is registered to conduct business with State Corporation Commission (or comparable regulatory authority) must be stated. The FCC further provided that:

> With respect to the caller's name, the prerecorded message must contain, at a minimum, the legal name under which the business, individual or entity calling is registered to operate. The Commission recognizes that some businesses use "d/b/as" or aliases for marketing purposes. The rule does not prohibit the use of such additional information, provided the legal name of the business is also stated."

38.     The FCC did not intend to exempt automated collection calls from the requirements of 47 C.F.R. 64.1200(b)(1), even if consent was given in the case where the debt collector failed to leave the legal name of the company. *(Sengenberger v. Credit Control Services, Inc.*, 2010 U.S. Dist. LEXIS 43874)

39.     Defendant has repeatedly violated the TCPA by the calls made to plaintiffs specifically the numerous calls by illegally by not stating its legal name in its prerecorded messages in violation of the Telephone Consumer Protection Act.

40.     This action is brought on behalf of plaintiffs and the members of two classes.

41.     Class A consists of consumers who were left a telephone message concerning a consumer debt without having been informed of the defendant's true name.

42.     Class A consists of all persons whom Defendant's records reflect resided in the United States and who received telephonic messages from defendant's representatives within one year prior to the date of the within complaint up to the date of the filing of the

-8-

complaint without the defendant disclosing its true name; (a) the telephone message was

placed to a consumer seeking payment of a consumer debt; and (c) that the telephone

messages were in violation 47 U.S.C. § 227.

43.     Class B consists of consumers who were left a telephone message concerning a

        consumer debt on a wireless number or other method whereby the class member

        incurred a cost for the receipt of the message.

44.     Class B consists of all persons whom Defendant's records reflect resided in the United

        States and who received telephonic messages from defendant's representatives within

        one year prior to the date of the within complaint up to the date of the filing of the

        complaint where the consumer incurred a charge for the message; (a) the telephone

        message was placed to a consumer seeking payment of a consumer debt; and (c) that the

        telephone messages were in violation 47 U.S.C. § 227.

45.     Pursuant to Federal Rule of Civil Procedure 23(b)(2) and 23(b)(3), a class action is

        appropriate and preferable in this case because:

    (A) Based on the fact that telephonic messages are at the heart of this litigation, the class is

        so numerous that joinder of all members is impracticable.

    (B) There are questions of law and fact common to the class and these questions

        predominate over any questions affecting only individual class members. The principal

        question presented by this claim is whether the Defendant violated the TCPA.

    (C) The only individual issue is the identification of the consumers who received the

        telephonic messages, (*i.e.* the class members), a matter capable of ministerial

        determination from the records of Defendant.

-9-

(D) The claims of the plaintiff is typical of those of the class members. All are based on the
same facts and legal theories.

(E) The plaintiff will fairly and adequately represent the class members' interests. The
plaintiff has retained counsel experienced in bringing class actions and collection-abuse
claims. The plaintiff's interests are consistent with those of the members of the class.

46.     A class action is superior for the fair and efficient adjudication of the class members'
claims. The members of the class are generally unsophisticated individuals, whose
rights will not be vindicated in the absence of a class action. Prosecution of separate
actions by individual members of the classes would create the risk of inconsistent or
varying adjudications resulting in the establishment of inconsistent or varying standards
for the parties and would not be in the interest of judicial economy.

47.     If the facts are discovered to be appropriate, the plaintiff will seek to certify a class
pursuant to Rule 23(b)(2) and/or 23(b)(3) of the Federal Rules of Civil Procedure.

48.     Telephonic messages, such as those left by the defendant are to be evaluated by the
objective standard of the hypothetical "least sophisticated consumer."

### *Violations of the Telephone Communications Privacy Act*

49.     The defendant has repeatedly violated the TCPA by failing to leave the legal name of
the defendant in the messages left for the plaintiffs as states as follows in 47 C.F.R.
64.1200(b)(1) states:

"(b) All artificial or prerecorded telephone messages shall:

At the beginning of the message, state clearly the identity of the business, individual, or other entity that is responsible for initiating the call. If a business is responsible for initiating the call, the name under which the entity is registered to conduct business with State Corporation Commission (or comparable regulatory authority) must be stated. The FCC further provided that:

With respect to the caller's name, the prerecorded message must contain, at a minimum, the legal name under which the business, individual or entity calling is registered to operate. The Commission recognizes that some businesses use "d/b/as" or aliases for marketing purposes. The rule does not prohibit the use of such additional information, provided the legal name of the business is also stated."

50.     The FCC did not intend to exempt automated collection calls from the requirements of 47 C.F.R. 64.1200(b)(1), even if consent was given in the case where the debt collector failed to leave the legal name of the company.  *(Sengenberger v. Credit Control Services, Inc.,* 2010 U.S. Dist. LEXIS 43874)

51.     Defendant has repeatedly violated the TCPA by the calls made to plaintiffs specifically the numerous calls by illegally by not stating its legal name in its prerecorded messages in violation of the Telephone Consumer Protection Act

52.     The actions of the defendant violate the TCPA.

53.     Because the defendant intentionally violated the TCPA, the plaintiffs are entitled to damages in accordance with the TCPA namely $1500 for each call where the defendant failed to obtain prior consent from the plaintiffs.

-11-

WHEREFORE, Plaintiffs respectfully requests that this Court enter judgment in his their and

against the defendant and award damages as follows:

(a) Statutory damages provided under the TCPA and injunctive relief;

(b) Any other relief that this Court deems appropriate and just under the

circumstances.

Dated: Cedarhurst, New York
       January 31, 2012

Adam J. Fishbein, P.C.  (AF-9508)
Attorney At Law
**Attorney for the Plaintiff**
483 Chestnut Street
Cedarhurst, New York 11516
Telephone (516) 791-4400
Facsimile (516) 791-4411

Plaintiff requests trial by jury on all issues so triable.

Adam J. Fishbein  (AF-9508)

-12-